# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| DYLAN P. DUNBAR, | ) |
| | ) Civil Action No. 2:25-cv-00534 |
| Petitioner, | ) |
| | ) Chief United States District Judge |
| vs. | ) Mark R. Hornak |
| | ) |
| CHRISTY SCOTT, ADULT PROBATION OFFICER, WESTMORELAND COUNTY; AND NICOLE ZICARELLI, DISTRICT ATTORNEY, WESTMORELAND COUNTY, | ) United States Magistrate Judge Christopher B. Brown |
| Respondents. | ) |

## REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR LACK OF JURISDICTION

**Christopher B. Brown, United States Magistrate Judge**

**I.     Recommendation**

Petitioner, Dylan P. Dunbar, initiated this case on April 18, 2025, by submitting a Motion for Leave to Proceed in forma pauperis ("IFP Motion"), ECF No. 1.  Attached to the IFP motion is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1-1.  The respondents are Christy Scott, Adult Probation Officer, Westmoreland County, and Nicole Zicarelli, District Attorney, Westmoreland County.

Upon review of the petition, it is recommended the petition be dismissed with prejudice without service as "it plainly appears from the petition" this Court lacks

1

subject matter jurisdiction as Dunbar was not "in custody" at the time he filed the petition. It is further recommended the IFP Motion be denied as moot.

## I.     Procedural History

The Petition is less than a model of clarity and the Court finds it difficult to understand how Dunbar's allegations give rise to any cognizable habeas claims. For example, the Petition states Dunbar "is currently subject to an illegal and retaliatory restraint based on an alleged PFA violation and associated probation violations." ECF No. 1-1, ¶ 2. It appears he is attempting to challenge a "so-called PFA violation [that] was never lawfully served; instead, notice was sent to a third party with hostile intent." *Id.*, ¶ 3. Dunbar's Affidavit in support of his habeas petition indicates he has an upcoming probation revocation hearing which "arises from an alleged Protection from Abuse (PFA) violation that was adjudicated without my knowledge, without proper notice served at my legal residence, and without a meaningful opportunity for me to appear or defend myself." ECF 1-1, Affidavit, ¶ 2. Dunbar contends he fears that if he appears for the probation revocation hearing he "will be unlawfully incarcerated based on a procedurally defective and unconstitutional process[.]" *Id.*, ¶ 7.

The petition does not state that Dunbar is currently being held in the custody of any state or local official, and the return address he provided is that of a private residence and not that of a prison or correctional institution.

## II.     Standard of Review

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judgment must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 – Rules Governing Section 2254 Cases (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241).

"Habeas corpus petitions must meet heightened pleading requirements[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition is required to "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Rule 2(c)(1) and (2) – Rules Governing Section 2254 Cases (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Siers*, 773 F.2d at 45 (3d Cir. 1985). *See also McFarland,* 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas

3

petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief[.]").

### III. Discussion

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Here, the petition demonstrates Dunbar was not in custody when he filed it, and that he has commenced this proceeding because he anticipates he will be detained if he appears for a court-ordered probation revocation hearing. The "restraints" of which he complains are not contemplated by the federal habeas statute. *See Strout v. Main,* Civ. 04-40, 2004 WL 1571768, at *3 (D.Me. July 13, 2004) (stating that although petitioner's rights may be "impacted by the civil protection order[ ] … [of which he complains, he was not] 'in custody' within the meaning of § 2254" under the PFA order).

While federal habeas review may be available to challenge the legality of state court judgments which are not criminal convictions, such as a challenge to a state court order of civil commitment of a person to a mental institution, *see Duncan v. Walker*, 533 U.S. 167, 176 (2001) (citing *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988)), in this case the § 2241 petition does not allege circumstances indicating Dunbar is "in custody."

4

## IV.     Conclusion

For the above reasons, it is recommended the petition be dismissed with prejudice as the Court lacks subject matter jurisdiction as Dunbar was not "in custody" at the time he filed the petition.  It is further recommended Dunbar's IFP Motion be denied as moot.

Dunbar is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed. R .Civ. P. 72(b)(2), and LCvR 72.D.2, Dunbar, must file written objections, if any, to this Report and Recommendation by **May 19, 2025.** He is cautioned failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983).  *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 5th day of May, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:     **DYLAN P. DUNBAR**
        808 1/2 W Smithfield St.
        Mt. Pleasant, PA 15666